**UNITED STATES of America,**
**Appellee,**

v.

**Juan M. REYES, Defendant–Appellant.**

**No. 06–1283–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 29, 2009.

Steven A. Feldman, Feldman & Feldman, Feldman & Uniondale, NY, for Appellant.

Lisa R. Zornberg, Assistant United States Attorney (Michael 56 J. Garcia, United States Attorney for the Southern District of New York, on the brief, Katherine Polk Failla, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Juan Matos Reyes appeals from a judgment of conviction entered by the United States District Court for the Southern District of New York (Chin, *J.*) on December 2, 2005. Reyes was convicted, after pleading guilty pursuant to a cooperation agreement, to a five-count superseding indictment charging him with conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958, the substantive offense of murder for hire, in violation of 18 U.S.C. §§ 1958 and 2, conspiracy to distribute heroin and cocaine, in violation of 21 U.S.C. § 846, using and carrying firearms during and in relation to drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c) and 2, and perjury, in violation of 18 U.S.C. § 1621. The Guidelines recommend a sentence of life imprisonment for these counts of conviction; however, the district court granted the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 based on Reyes's substantial assistance. The district court sentenced Reyes principally to an aggregate term of 144 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Reyes argues that the district court failed to provide a written statement of reasons for imposing a non-Guidelines sentence and therefore ran afoul of 18 U.S.C. § 3553(c)(2). Not so. The judgment indicated that the below-Guidelines sentence was imposed pursuant to U.S.S.G. § 5K1.1, "based on the defendant's substantial assistance." That statement—itself adequate under § 3553(c)(2)—supplemented the extensive explanation for the 144–month sentence given by the district court at Reyes's sentencing hearing.

Reyes also argues that the 144–month sentence is substantively unreasonable in light of his considerable cooperation with the government. This is nothing more than a challenge to the extent of the district court's downward departure under § 5K1.1, which we lack jurisdiction to review. *See United States v. Hargrett,* 156 F.3d 447, 450 (2d Cir.1998) ("Section 3742(a) does not generally confer jurisdiction on courts of appeals to review a district court's refusal to grant a downward departure or the extent of any downward departure that is granted.").

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.